IN THE UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | No. 23-6896 |
| | ) | |
| SHAHEEM JOHNSON, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

**Government's Motion to Stay the Mandate**

After two extensions, the time to file any petition for rehearing expired on September 4, 2025. Doc. Nos. 68, 73. The government has determined that it will not seek rehearing or rehearing en banc. Accordingly, the Court's mandate is scheduled to issue on September 11, 2025. *See* Fed. R. App. P. 41(b). The Solicitor General has authorized a petition for a writ of certiorari, which would present a substantial question for resolution by the Supreme Court. Therefore, the government respectfully moves this Court to stay the mandate pending the disposition of the petition for a writ of certiorari. *See* Fed. R. App. P. 41(d)(1). This motion is supported by good cause and is not frivolous or filed to delay the proceedings. *See* Loc. R. 41. The government has consulted with defense counsel, who opposes this request. *See* Loc. R. 27(a).

## Background

On July 8, 2025, the Court affirmed the district court's order reducing Shaheem Johnson's sentence under 18 U.S.C. § 3582(c)(1)(A) from two terms of life plus 790 months' imprisonment to 35 years' imprisonment. *See United States v. Johnson*, 143 F.4th 212, 213 (4th Cir. 2025). The panel majority held that "the district court did not abuse its discretion in finding the sentence disparities between Johnson's sentence and the sentences of Damein Piranti, Rickey Piranti, and Eldon Brown weighed in favor of granting relief." *Id.* at 215. Johnson is projected to be released from the Bureau of Prisons on July 19, 2028.[1]

On July 10, 2025, the Court extended the time to file any petition for rehearing until August 21, 2025. Doc. No. 68. On August 22, 2025, the Court further extended the time to file any petition for rehearing until September 4, 2025. Doc. No. 73. The government has determined that it will not seek rehearing or rehearing en banc.

The Solicitor General has authorized a petition for a writ of certiorari. The petition is currently due on October 6, 2025, *see* Sup. Ct. R. 13.1, although that deadline may be extended by up to 60 additional days, *see* Sup. Ct. R. 13.5.

---

[1] *See* Federal Bureau of Prisons, Inmate Locator, https://www.bop.gov/inmateloc/ (search BOP Register No. 19138-057).

**Analysis**

Federal Rule of Appellate Procedure 41(d)(1) provides that "[a] party may move to stay the mandate pending the filing of a writ of certiorari in the Supreme Court." The motion "must show that the petition would present a substantial question and that there is good cause for a stay." *Id.* Additionally, Local Rule 41 requires "a specific showing" that the motion "is not frivolous or filed merely for delay." Generally, a stay of the mandate "must not exceed 90 days," unless the moving party notifies the court "that the time for filing a petition has been extended, in which case the stay continues for the extended period," or "that the petition has been filed, in which case the stay continues until the Supreme Court's final disposition." Fed. R. App. P. 41(d)(2)(B).

> A. **The petition for a writ of certiorari will present a substantial question for the Supreme Court.**

To determine whether a certiorari petition would present a "substantial question" for the Supreme Court, courts consider whether there is a reasonable probability that the Supreme Court will grant certiorari and a reasonable possibility that the Supreme Court will reverse the decision of the court of appeals. *See, e.g.*, *Maryland v. King*, 567 U.S. 1301, 1302 (2012) (Roberts, C.J., in chambers); *U.S. Postal Serv. v. Nat'l Ass'n of Letter Carriers, AFL-CIO*, 481 U.S. 1301, 1302 (1987) (Rehnquist, C.J., in chambers). The Supreme Court will grant a petition for a writ

of certiorari "only for compelling reasons," such as when a "court of appeals has entered a decision in conflict with the decision of another [] court of appeals on the same important matter," or when a "court of appeals has decided an important question of federal law that has not been, but should be, settled by" the Supreme Court. Sup. Ct. R. 10(a), (c). For at least two reasons, the government's certiorari petition in this case will present a substantial question for resolution by the Supreme Court.

First, there is a reasonable probability that the Supreme Court will grant certiorari because the Supreme Court has already granted certiorari in *Fernandez v. United States*, No. 24-556, and *Rutherford v. United States*, No. 24-820. *See, e.g.*, *U.S. Postal Serv.*, 481 U.S. at 1302 (determining there was "a reasonable probability" that the Supreme Court would grant certiorari where the Supreme Court had "already granted certiorari" in a case raising "the identical issue").

The question presented in *Fernandez* is "[w]hether a combination of 'extraordinary and compelling reasons' that may warrant a discretionary sentence reduction under 18 U.S.C. § 3582(c)(1)(A) can include reasons that may also be alleged as grounds for vacatur of a sentence under 28 U.S.C. § 2255." *Fernandez v. United States*, --- S. Ct. ---, 2025 WL 1496486, at *1 (U.S. May 27, 2025). In this case, the dissent observed that "the facts leading to the defendant's conviction" and

"the factors considered in imposing the original sentence, such as sentencing disparities addressable under [18 U.S.C.] § 3553(a)(6)" are "matters [that] fall within the purview of the court at trial, and § 3582(c) does not authorize courts to review an underlying conviction or final sentence. That is the role of a motion filed under 28 U.S.C. § 2255." *Johnson*, 143 F.4th at 218–19 (Niemeyer, J., dissenting). Moreover, one of the "extraordinary and compelling reasons" at issue in *Fernandez* is identical to the reason the panel majority deemed "extraordinary and compelling" here: the sentencing disparities between the defendant and his cooperating codefendants. *See United States v. Fernandez*, 104 F.4th 420, 428–29 (2d Cir. 2024), *cert. granted in part*, --- S. Ct. ---, 2025 WL 1496486 (U.S. May 27, 2025).

The question presented in *Rutherford* is whether sentencing disparities created by the First Step Act's prospective amendment to the penalties for multiple violations of 18 U.S.C. § 924(c) can establish "extraordinary and compelling reasons" for a sentence reduction under § 3582(c)(1)(A). Although the panel majority did not address whether the district court abused its discretion in finding that Johnson's stacked § 924(c) sentences were "extraordinary and compelling reasons," *see Johnson*, 143 F.4th at 217, the Supreme Court's decision in *Rutherford* will likely bear on the question whether sentencing disparities generally can constitute "extraordinary and compelling reasons." *Cf. id.* at 218 (Niemeyer, J.,

5

dissenting) ("Disparities in sentencing are not *legally* a basis for granting a motion for compassionate release under § 3582(c)(1)(A).").

Second, there is a reasonable probability that the Supreme Court will grant certiorari because the panel majority's decision conflicts with the decisions of other courts of appeals on the same important matter. *See, e.g.*, *King*, 567 U.S. at 1302 (determining there was "a reasonable probability" that the Supreme Court would grant certiorari where "Maryland's decision conflict[ed] with decisions of the U.S. Courts of Appeals for the Third and Ninth Circuits as well as the Virginia Supreme Court"). This Court's decision conflicts with the decisions of the other courts of appeals to have reached this question, all of which have rejected claims of codefendant sentence disparities as "extraordinary and compelling reasons" for a sentence reduction under § 3582(c)(1)(A). *Compare Johnson*, 143 F.4th at 215–16, *with United States v. Bryant*, 144 F.4th 1119, 1129–30 (9th Cir. 2025); *Fernandez*, 104 F.4th at 428–29; *United States v. Hunter*, 12 F.4th 555, 571–72 (6th Cir. 2021); *see also United States v. DeFoggi*, No. 22-2327 (L), 2023 WL 4112142, at *2 (8th Cir. June 22, 2023) (per curiam); *United States v. Arojojoye*, 806 F. App'x 475, 477–78 (7th Cir. 2020). Additionally, "given the considered analysis of courts on the other side of the split, there is a fair prospect that [the Supreme] Court will reverse" this Court's decision. *King*, 567 U.S. at 1303.

Because the petition for a writ of certiorari will present a substantial question for the Supreme Court, the government respectfully requests that the Court stay the mandate pending the disposition of the certiorari petition.

**B.     There is good cause to stay the mandate pending the filing of the petition for a writ of certiorari.**

Courts consider the balance of the equities in determining whether "good cause" exists to stay the mandate. *See, e.g.*, *U.S. Postal Serv.*, 481 U.S. at 1302. In this case, there is good cause to stay the mandate.

As the dissent observed, "[t]he majority's holding is extraordinary and an extreme outlier that is unsupported by law or fact." *Johnson*, 143 F.4th at 222 (Niemeyer, J., dissenting). Although the district court ruled on Johnson's motion in August 2023, *see* JA691–722, the panel majority suggested that claims of codefendant sentencing disparities may constitute "other reasons" for a sentence reduction under the now-applicable policy statement, U.S.S.G. § 1B1.13(b)(5) (effective Nov. 1, 2023). *Johnson*, 143 F.4th at 216; *but see Bryant*, 144 F.4th at 1129–30 (holding the opposite). The Court's decision has the potential to invite motions for reductions of lawfully imposed, long-final sentences in many cases where the government extended leniency only to defendants who chose to cooperate. *Cf. Missouri v. Frye*, 566 U.S. 134, 143–44 (2012) (observing that our criminal justice system "is for the most part a system of pleas, not a system of trials," and

"often results in individuals who accept a plea bargain receiving shorter sentences than other individuals who are less morally culpable but take a chance and go to trial") (internal quotation marks omitted).

The government's petition for a writ of certiorari is currently due on October 6, 2025, although that deadline may be extended by up to 60 additional days. If the mandate issues, the case will return to the district court, where Johnson has filed a pro se motion to reopen his motion under § 3582(c)(1)(A) or for relief under Federal Rule of Criminal Procedure 35(a), asking the district court to further reduce his sentence to time served. *See United States v. Johnson*, No. 1:97-cr-314 (E.D. Va. Aug. 4, 2025), Doc. No. 765. Whether Johnson has established "extraordinary and compelling reasons" for a sentence reduction in the first place is central to the resolution of this motion. *Cf. United States ex rel. Chandler v. Cook Cnty.*, 282 F.3d 448, 451 (7th Cir. 2002) (Ripple, J., in chambers) (reasoning that Cook County "ought not be put to the further expense of preparing for trial until the question of its immunity is decided definitively"). Should the Supreme Court grant the government's petition, its resolution would provide essential guidance on this question.

At the same time, no equities weigh against staying the mandate. Johnson's current projected release date is July 19, 2028. *See supra* p.2 n.1. Accordingly,

staying the mandate pending the disposition of the certiorari petition will not delay Johnson's release from prison as currently scheduled. Requiring the district court to adjudicate a motion that may ultimately be mooted by a Supreme Court reversal would needlessly consume the parties' and the court's limited resources. For these reasons, good cause exists to stay the mandate.

Finally, because the Solicitor General has authorized a petition for a writ of certiorari, this motion "is not frivolous or filed merely for delay." Loc. R. 41.

Therefore, the government respectfully requests that the Court stay the mandate pending the disposition of the petition for a writ of certiorari.

Respectfully submitted,

Erik S. Siebert
United States Attorney

By:         /s/        
Jacqueline R. Bechara
Assistant United States Attorney
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3700

## Certificate of Compliance

I certify that this motion was written using 14-point Times New Roman typeface and Microsoft Word 365. I further certify that this motion does not exceed 5,200 words, as required by Federal Rule of Appellate Procedure 27(d)(2)(A), and is specifically 1,896 words. I understand that a material misrepresentation can result in the Court's striking the motion and imposing sanctions.

By:         /s/
       Jacqueline R. Bechara
       Assistant United States Attorney