| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | No. 23-6896 |
| | ) | |
| Shaheem Johnson, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

**Government's Unopposed Motion
for Leave to File Supplemental Briefs**

The Court previously issued a published decision affirming the district court's order granting Shaheem Johnson's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). The Supreme Court subsequently granted the government's petition for a writ of certiorari, vacated the judgment, and remanded for further consideration in light of *Fernandez v. United States*, 608 U.S. --- , 146 S. Ct. 1292 (2026), and *Rutherford v. United States*, 608 U.S. --- , 146 S. Ct. 1320 (2026). Doc. No. 82. The government respectfully submits that supplemental briefing would assist the Court in determining the impact of *Fernandez* and *Rutherford* on this case. Accordingly, the government moves for leave to file supplemental briefs setting forth the parties' positions on this issue. The government has consulted with defense counsel, who does not oppose this request. *See* Loc. R. 27(a).

**Background**

In July 2025, the Court affirmed the district court's order reducing Shaheem Johnson's sentence under 18 U.S.C. § 3582(c)(1)(A) from two terms of life plus 790 months' imprisonment to 35 years' imprisonment. *See United States v. Johnson*, 143 F.4th 212, 213 (4th Cir. 2025). The panel majority held that "the district court did not abuse its discretion in finding the sentence disparities between Johnson's sentence and the sentences of Damein Piranti, Rickey Piranti, and Eldon Brown weighed in favor of granting relief." *Id.* at 215. The panel did not reach the district court's remaining reasons for granting a sentence reduction: Johnson's rehabilitation while in prison, his age at the time of his offenses, the fact that he was sentenced before *United States v. Booker*, 543 U.S. 220 (2005), his stacked 18 U.S.C. § 924(c) sentences, and the purported lack of a valid predicate for two of Johnson's § 924(c) convictions. *See id.* at 215 n.3, 217. The government subsequently filed a petition for a writ of certiorari. Petition for a Writ of Certiorari, *United States v. Johnson*, No. 25-551, 2025 WL 3125463 (U.S. Nov. 5, 2025).

In May 2026, the Supreme Court issued its decisions in *Fernandez v. United States*, 608 U.S. --- , 146 S. Ct. 1292 (2026), and *Rutherford v. United States*, 608 U.S. --- , 146 S. Ct. 1320 (2026). In June 2026, the Supreme Court granted the government's petition for a writ of certiorari, vacated the judgment, and remanded the case for further consideration in light of *Fernandez* and *Rutherford*. Doc. No.

82.  At the earliest, the Supreme Court's mandate will issue 32 days after its order, or July 10, 2026.  *See id.*

**Analysis**

The government respectfully submits that supplemental briefing would assist the Court in determining the impact of *Fernandez* and *Rutherford* on this case. *Fernandez* and *Rutherford* are the first cases in which the Supreme Court has authoritatively interpreted the scope of relief available under 18 U.S.C. § 3582(c)(1)(A).  By granting certiorari, vacating the judgment, and remanding this case for further consideration, the Supreme Court necessarily concluded that *Fernandez* and *Rutherford* "reveal a reasonable probability" that the panel's decision "rests upon a premise" this Court "would reject if given the opportunity for further consideration," and "such a redetermination may determine the ultimate outcome of the litigation."  *See Lawrence v. Chater*, 516 U.S. 163, 167 (1996).  This Court has regularly ordered supplemental briefing to assess the impact of intervening Supreme Court authority in other cases in this posture.  *See, e.g., Stokes v. Stirling*, 64 F.4th 131, 136 (4th Cir. 2023); *United States v. Chittenden*, 896 F.3d 633, 637 (4th Cir. 2018); *Cent. Radio Co. v. City of Norfolk*, 811 F.3d 625, 631 (4th Cir. 2016).

Therefore, the government moves for leave to file supplemental briefs regarding the impact of *Fernandez* and *Rutherford* on this case.

Respectfully submitted,

Todd W. Blanche
Acting Attorney General

By: _____/s/_____
Jacqueline R. Bechara
Assistant United States Attorney
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3700

**Certificate of Compliance**

I certify that this motion was written using 14-point Times New Roman typeface and Microsoft Word 365.  I further certify that this motion does not exceed 5,200 words, as required by Federal Rule of Appellate Procedure 27(d)(2)(A), and is specifically 616 words.  I understand that a material misrepresentation can result in the Court's striking the motion and imposing sanctions.

By:        <u>          /s/           </u>

Jacqueline R. Bechara
Assistant United States Attorney