No. 23-6896

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT
_____

UNITED STATES OF AMERICA,
*Plaintiff - Appellant*,

v.

SHAHEEM JOHNSON,
*Defendant - Appellee*.
_____

On Appeal from the United States District Court
for the Eastern District of Virginia
Alexandria Division (The Hon. Anthony J. Trenga)
_____

SUPPLEMENTAL BRIEF OF THE APPELLEE
_____

GEREMY C. KAMENS
Federal Public Defender

Patrick L. Bryant
Nathaniel Wenstrup
Assistant Federal Public Defenders
Counsel for Appellant
1650 King Street, Suite 500
Alexandria, VA 22314
(703) 600-0800
Patrick_Bryant@fd.org
Nate_Wenstrup@fd.org

# TABLE OF CONTENTS

Table of Authorities .................................................................................. ii

Introduction .............................................................................................1

Summary of Argument ............................................................................1

Argument...................................................................................................2

    This Court Should Reinstate Its Judgment and Affirm the District
    Court's Order Reducing Mr. Johnson's Sentence. ...........................2

    A.    The panel opinion rested solely on the coconspirator disparity—
        a § 1B1.13(b)(5) eligibility reason that *Rutherford* left standing
        and that both decisions reserved.........................................................2

    B.    The disparity is an eligibility reason, not a § 3553(a) sentencing
        factor—so *Rutherford*'s "skip a step" holding is inapposite. ..............4

    C.    *Fernandez* does not reach the disparity, and its reasoning
        confirms the point...............................................................................5

    D.    *Rutherford* does not reach the disparity here, because it does not
        arise from a nonretroactive change in law. ..........................................6

    E.    The district court's reliance on the § 924(c) and *Booker*
        considerations does not require vacating the judgment. .......................7

    F.    The remaining valid reasons independently support the finding. .........9

Conclusion ...............................................................................................10

# TABLE OF AUTHORITIES

Cases

*Fernandez v. United States*, 146 S. Ct. 1292 (2026) ........................................ *passim*

*Lawrence v. Chater*, 516 U.S. 163 (1996) (per curiam) ............................................4

*Rutherford v. United States*, 146 S. Ct. 1320 (2026) ...................................... *passim*

*Sun Bear v. United States*, 644 F.3d 700 (8th Cir. 2011) (en banc) .........................5

*Tyler v. Cain*, 533 U.S. 656 (2001) ...........................................................................4

*United States v. Booker*, 543 U.S. 220 (2005) .......................................................7, 8

*United States v. Diaco*, 457 F. Supp. 371 (D.N.J. 1978) ...........................................4

*United States v. Flores-Granados*, 783 F.3d 487 (4th Cir. 2015) .............................9

*United States v. Folk*, 954 F.3d 597 (3d Cir. 2020) ...................................................5

*United States v. Jarvis*, 999 F.3d 442 (6th Cir. 2021) ...............................................8

*United States v. Johnson*, 143 F.4th 212 (4th Cir. 2025) ................................. *passim*

Statutes

18 U.S.C. § 924 ......................................................................................................6, 7, 8

18 U.S.C. § 1959 ...........................................................................................................8

18 U.S.C. § 3553 ........................................................................................................4, 5

18 U.S.C. § 3582 ......................................................................................................6, 10

21 U.S.C. § 848 .............................................................................................................8

28 U.S.C. § 994 .............................................................................................................9

28 U.S.C. § 2255 ........................................................................................................2, 5

<u>United States Sentencing Guidelines</u>

U.S.S.G. § 1B1.13................................................................................1, 2, 3, 5, 7

## INTRODUCTION

The district court granted Shaheem Johnson's motion for a reduction in his sentence, and this Court affirmed that order. *United States v. Johnson*, 143 F.4th 212 (4th Cir. 2025). Mr. Johnson submits this supplemental brief to address the impact of *Rutherford v. United States*, 146 S. Ct. 1320 (2026), and *Fernandez v. United States*, 146 S. Ct. 1292 (2026), on this Court's decision. For the reasons that follow, Mr. Johnson argues that neither Supreme Court opinion requires this Court to do anything other than reinstate its original decision affirming the district court.

## SUMMARY OF ARGUMENT

This Court affirmed the district court's order reducing Shaheem Johnson's sentence on a single, isolable ground: the unwarranted disparity between Johnson's sentence and the far shorter sentences his coconspirators received after they pleaded guilty and cooperated. 143 F.4th at 215–217. The panel placed that disparity squarely within the Sentencing Commission's "other reasons" category, U.S.S.G. § 1B1.13(b)(5), and expressly declined to reach any other factor the district court had discussed. 143 F.4th at 216–217.

Neither *Rutherford v. United States*, 146 S. Ct. 1320 (2026), nor *Fernandez v. United States*, 146 S. Ct. 1292 (2026), disturbs that ground. *Rutherford* holds that a disparity created by a nonretroactive change in sentencing law is not an extraordinary and compelling reason, and it invalidated the Commission's policy

1

statement only insofar as that statement treats such change-in-law disparities as qualifying. It left § 1B1.13(b)(5) intact. *Fernandez* holds that a collateral attack on the validity of a conviction must proceed under 28 U.S.C. § 2255. The coconspirator disparity is neither a change-in-law disparity nor an attack on Johnson's conviction, and both decisions expressly reserved whether such a disparity may support relief. Because the sole basis for the judgment on review is untouched, and because the district court's finding does not depend on the two considerations *Rutherford* places off limits, neither decision requires vacatur. This Court should reinstate its judgment and affirm the district court's order.

## **ARGUMENT**

THIS COURT SHOULD REINSTATE ITS JUDGMENT AND AFFIRM THE DISTRICT COURT'S ORDER REDUCING MR. JOHNSON'S SENTENCE.

A. <u>The panel opinion rested solely on the coconspirator disparity— a § 1B1.13(b)(5) eligibility reason that *Rutherford* left standing and that both decisions reserved.</u>

The Court's judgment rested on one ground. The panel majority held that the district court "did not abuse its discretion in finding the sentence disparities" among Johnson and coconspirators Damein Piranti, Rickey Piranti, and Eldon Brown "weighed in favor of granting relief," and it grounded that holding in the Commission's amended policy statement, explaining that § 1B1.13(b)(5) permits a court to treat "other reasons" of "similar gravity" as extraordinary and compelling.

2

*Johnson*, 143 F.4th at 215–216. The Court then declined to reach the district court's other considerations: "because we find that this was not an abuse of discretion, we decline to address whether the district court abused its discretion in finding other factors also weighed in favor of granting compassionate release." *Id.* at 217. The only holding a vacatur could disturb is thus the § 1B1.13(b)(5) disparity holding.

That holding survives *Rutherford* untouched. *Rutherford* reaffirmed that Congress "empowered the Commission to 'give meaning' to the compassionate release provision by identifying the circumstances that constitute 'extraordinary and compelling' reasons," so long as the Commission stays "within the statutory goalposts." 146 S. Ct. at 1334. The Supreme Court invalidated the policy statement in one respect only—"to the extent" it treats a nonretroactive change in law as a qualifying reason, i.e., the "Unusually Long Sentence" provision, § 1B1.13(b)(6). *Id.* at 1335. It said nothing about § 1B1.13(b)(5), the separate "other reasons" category on which *Johnson* relied. A disparity rooted in coconspirators' pleas and cooperation implicates none of *Rutherford*'s concerns and remains a permissible (b)(5) reason. *Johnson*'s reliance on that enumerated category—rather than on the pre-2023 "any reason" gloss—means the basis for the judgment is precisely the Commission's authority *Rutherford* reaffirmed.

Both decisions confirm the point by reserving it. *Rutherford* cautioned that it "need not decide whether compassionate release is available" where a prisoner's

"codefendants received significantly lower sentences." 146 S. Ct. at 1331 n.6 (citing *United States v. Diaco*, 457 F. Supp. 371, 372 (D.N.J. 1978) as a case reducing a sentence on that basis). And *Fernandez* stated that the "disparity between [the defendant's] life sentence and the sentences of the co-defendants" was resolved below "on grounds unrelated to the question" presented, and that "the issue is not before us." 146 S. Ct. at 1300 n.1; *see also id.* at 1319 (Jackson, J., dissenting). A remand to reconsider a question the Supreme Court has just declared it did not decide would serve no purpose. There is no "reasonable probability" this Court would reach a different result on a ground the decisions never reached. *Tyler v. Cain*, 533 U.S. 656, 666 n.6 (2001); *Lawrence v. Chater*, 516 U.S. 163, 167 (1996) (per curiam).

B.  <u>The disparity is an eligibility reason, not a § 3553(a) sentencing factor—so *Rutherford*'s "skip a step" holding is inapposite.</u>

*Rutherford*'s central structural holding is that eligibility for compassionate release turns on whether a prisoner can offer "extraordinary and compelling reasons," "not on the [18 U.S.C.] § 3553(a) factors." 146 S. Ct. at 1333. A movant "skip[s] a step" when he uses a § 3553(a) consideration to establish eligibility instead of first clearing the extraordinary-and-compelling gateway. *Id.* The Government may argue that the coconspirator disparity is simply § 3553(a)(6)'s "unwarranted sentence disparities" factor doing gateway work. It is not.

The district court and the panel treated the disparity as an extraordinary-and-compelling reason under the Commission's policy statement—the eligibility

4

gateway itself—not as a § 3553(a) factor imported into it. The district court's analysis kept the two steps distinct: Part III determined that extraordinary and compelling reasons existed, and only then did Part IV separately weigh the § 3553(a) factors. J.A. 697–716; J.A. 716–722. The *Johnson* opinion likewise located the disparity in § 1B1.13(b)(5). 143 F.4th at 216. That is precisely the gateway inquiry *Rutherford* demands be conducted first and kept separate—and it was. *Rutherford* condemned smuggling § 3553(a) factors into the eligibility question; it did not hold that a disparity resting on cooperation and charging decisions can never qualify as an "other reason" under the Commission's policy statement. To the contrary, the Court reserved that very question. 146 S. Ct. at 1331 n.6.

C.  <u>*Fernandez* does not reach the disparity, and its reasoning<br>confirms the point.</u>

*Fernandez* holds only that "a prisoner who collaterally attacks the *validity of his conviction*" must proceed under § 2255. 146 S. Ct. at 1298. Mr. Johnson mounts no such attack. The coconspirator disparity concerns the comparative justness of his sentence, not the lawfulness of his conviction, and it could not be raised under § 2255 at all: a claim that a court exercised its discretion to impose a harsher sentence than a codefendant received is "not cognizable under § 2255." *United States v. Folk*, 954 F.3d 597, 601–609 (3d Cir. 2020); *see Sun Bear v. United States*, 644 F.3d 700, 704–705 (8th Cir. 2011) (en banc). Because there is no § 2255 avenue to "circumvent," *Fernandez*'s channeling logic does not apply.

*Fernandez*'s reasoning cuts the same way. The Court's concern was a district court that "harbored doubts about the soundness of the conviction" and questioned "whether the verdict was correct"—a court, in short, using 18 U.S.C. § 3582 to relitigate guilt. 146 S. Ct. at 1305. The district court here did the opposite. It *accepted* the verdict and relied on the jury's own special findings—that Johnson did not premeditate or procure Villa's killing and that his participation was "relatively minor." J.A. 707–708. Comparing sentences in light of findings the jury actually made is not the record-combing attack on a conviction that *Fernandez* forbids; it is the ordinary disparity comparison the Commission authorizes. The district court's brief mention of a plain error in the continuing-criminal-enterprise instructions and the absence of separate 18 U.S.C. § 924(c) predicates formed no part of its finding: it declined to rely on the instruction argument as "unpersuasive," and treated the predicate point as an "other reasons" consideration it found "not alone sufficient." J.A. 711; J.A. 713–714. Neither appeared in this Court's opinion.

D.   <u>*Rutherford* does not reach the disparity here, because it does not arise from a nonretroactive change in law.</u>

*Rutherford*'s holding is confined to the disparity produced by Congress's *nonretroactive* amendment to § 924(c)—a disparity that "tracks ordinary sentencing practice and reflects Congress's deliberate choice to extend relief to some prisoners and not others." 146 S. Ct. at 1332. The coconspirator disparity does not flow from a change in the law. It flows from the facts that Damein and Rickey Piranti pleaded

guilty, cooperated, and received Rule 35 reductions to 20 and 40 years; that Eldon Brown—who actually killed Villa—received roughly five years after cooperating; and from the jury's mitigating findings. *Johnson*, 143 F.4th at 214–216. Those disparities existed independent of, and would persist without, the First Step Act. *Rutherford*'s concern with preserving Congress's nonretroactivity choices is not implicated—which is why the Court reserved the codefendant-disparity scenario. 146 S. Ct. at 1331 n.6.

E.   The district court's reliance on the § 924(c) and *Booker* considerations does not require vacating the judgment.

The Government may note that the district court's extraordinary-and-compelling finding was a "totality" that incorporated two considerations *Rutherford* now forecloses—the § 924(c) First Step Act stacking disparity and the nonretroactive change worked by *United States v. Booker*, 543 U.S. 220 (2005)—and may urge that the finding must therefore be reconsidered. Mr. Johnson does not dispute that, after *Rutherford*, neither the § 924(c) stacking disparity nor *Booker* may be used as a change-in-law reason to establish eligibility. But their presence in the district court's discussion does not require vacating this Court's judgment, for three independent reasons.

**First**, those considerations form no part of this Court's judgment. The panel affirmed solely on the § 1B1.13(b)(5) disparity ground and declined to reach the

7

§ 924(c) and *Booker* considerations. *Johnson*, 143 F.4th at 216–217. A judgment should not be vacated because of reasoning the Court never adopted.

**Second**, the finding does not depend on them. The district court expressly stated that its extraordinary-and-compelling determination "would stand even if Johnson was convicted under [21 U.S.C.] § 848(b), thereby rendering *Booker* meaningless with respect to Count 2." J.A. 715 at n.39. And the § 924(c) stacking change bore only on the consecutive firearm counts; the reductions that drive the sentence—Count 2 reduced to 20 years and the mandatory life term on Count 5 reduced to 20 years concurrent—rest on the disparity, the jury's findings, Johnson's youth, and his rehabilitation, not on § 924(c). J.A. 721–722. Excising the change-in-law considerations therefore leaves the core of the reduction fully supported.

**Third**, *Rutherford*'s own authority confirms that severance, not vacatur, is the answer. *Rutherford* quoted a Sixth Circuit decision for the proposition that "adding a legally impermissible ground to three *insufficient* factual considerations does not entitle a defendant to a sentence reduction." 146 S. Ct. at 1334 (quoting *United States v. Jarvis*, 999 F.3d 442, 444 (6th Cir. 2021) (emphasis added). That rule governs where the remaining considerations are *insufficient*. Here they are not: the panel affirmed on a valid ground standing alone, and the district court's other valid reasons are independently sufficient, as courts have repeatedly held when reducing once-mandatory 18 U.S.C. § 1959(a)(1) life sentences. J.A. 699; J.A. 720 & n.43. This is

8

severable surplusage, not a poisoned analysis. At most, any residual doubt would warrant a limited remand—but even that is unnecessary given footnote 39 (J.A. 715).

F.     The remaining valid reasons independently support the finding.

*Rutherford* leaves the district court's other reasons undisturbed, and this Court can affirm on any ground present in the record. *E.g.*, *United States v. Flores-Granados*, 783 F.3d 487, 491 (4th Cir. 2015). Johnson's youth—his offense conduct began at 20, weighed with the "incredible abuse, neglect, and trauma" of his childhood—is a personal circumstance at the heartland of compassionate release. J.A. 699–701. *Rutherford* declined to decide "whether there are reasons beyond personal circumstances that could qualify," 146 S. Ct. at 1331, and *Fernandez* rejected the premise that a qualifying reason must postdate sentencing, noting that limit "appears nowhere in the text," 146 S. Ct. at 1303 n.4. Mr. Johnson's extraordinary rehabilitation over more than a quarter-century—much of it before any prospect of release—may be considered alongside other factors. 28 U.S.C. § 994(t); J.A. 698. And the jury's mitigating findings, together with the letters from the sentencing judge and the jury foreman, speak to Johnson's minor role and his character; they rest on what the triers of fact concluded about Johnson himself, and retain their force irrespective of whether the Guidelines were mandatory or advisory. J.A. 703–704.

*    *    *

Neither *Rutherford* nor *Fernandez* requires vacating this Court's judgment. The panel affirmed on a single ground which those decisions did not disturb and instead expressly reserved. Moreover, the district court's finding stands independent of the considerations *Rutherford* placed off limits. The Court should reinstate its original judgment affirming the district court's order.

## **CONCLUSION**

For these reasons, as well as those stated in the district court's written order, Mr. Johnson respectfully requests that this Court reinstate its prior judgment in this appeal and affirm the district court's decision granting a reduction in sentence under the discretionary authority granted to it under 18 U.S.C. § 3582(c)(1)(A).

Respectfully submitted,

GEREMY C. KAMENS
Federal Public Defender
for the Eastern District of Virginia

 s/  Patrick L. Bryant
Patrick L. Bryant
Nathaniel Wenstrup
Assistant Federal Public Defenders
Counsel for Appellee
1650 King Street, Suite 500
Alexandria, VA 22314
(703) 600-0800
Patrick_Bryant@fd.org
Nate_Wenstrup@fd.org

July 27, 2026

# CERTIFICATE OF COMPLIANCE

1.   This Supplemental Brief of the Appellant has been prepared using Microsoft Word 365 software, Times New Roman font, 14-point proportional type size.

2.   Counsel certifies that this Supplemental Brief complies with the Court's order of July 13, 2026, in that its argument section does not exceed ten pages.

I understand that a material misrepresentation can result in the Court's striking the brief and imposing sanctions.  If the Court so requests, I will provide an electronic version of the brief and/or a copy of the word or line print-out.

    July 27, 2026                          s/  Patrick L. Bryant

Date                                   Patrick L. Bryant

                                        Assistant Federal Public Defender